IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHAMA PATEL and JMS FAMILY, LP,<br><br>Plaintiffs,<br><br>v.<br><br>AP HOSPITALITY, LLC, ASVIN PATEL, ARUNA PATEL, MAYURI PATEL, and ALPESH PATEL,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:22-cv-06890-KMW-MJS<br><br>OPINION |

**Mark E. Nakahara, Esq.**
WHITE AND WILLIAMS, LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103

*Counsel for Plaintiffs Shama Patel and JMS Family, LP*

**Robert W. Mauriello, Jr., Esq.**
GIMIGLIANO MAURIELLO & MALONEY, P.A.
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962

*Counsel for Defendant AP Hospitality, LLC, Asvin Patel, Aruna Patel, Mayuri Patel, and Alpesh Patel*

**WILLIAMS, District Judge:**

**I.   INTRODUCTION**

The dispute in this case arises from two separate transactions: one regarding land in India and the other regarding a membership interest in defendant AP Hospitality, LLC ("AP Hospitality"). Specifically, Plaintiffs allege that Defendants (1) wrongfully and fraudulently withheld proceeds from the sale of land in India (the "Property Dispute"), and (2) that Defendants have deprived them of their membership interest in the LLC (the "Membership Dispute.") Plaintiffs initiated this suit,

alleging eleven counts, eight of which remain.[1] Presently before the Court is Defendants' Motion for Summary Judgment on all remaining claims in this action (ECF No. 71). Plaintiffs oppose the motion (ECF No. 74) and Defendants replied (ECF No.75). For the reasons set forth below, Defendants' Motion is **GRANTED** in part and **DENIED** in part.

## II.   BACKGROUND

### A.   Property Dispute

The first dispute arises out of an agreement between RC Patel and Defendant Asvin Patel regarding the acquisition and sale of land in India. Specifically, Plaintiffs allege that Defendant Asvin Patel fraudulently induced RC Patel to contribute capital towards the acquisition of land in India and further that Asvin Patel wrongfully withheld the proceeds from the sale of that land.

On or about May 15, 2008, Asvin Patel, RC Patel, and Hitesh Patel purchased approximately 4.6 acres of farmland in India (the "Indian Property.") (ECF No. 71-1 ¶ 4.[2]) The land was subdivided as follows: 45% to RC Patel, 33% to Asvin Patel, and 22% to Hitesh Patel. (ECF No. 74-1 ¶ 4.[3]) Following this initial acquisition, much is in dispute as to this transaction. Plaintiffs claim that following acquisition, RC Patel subsequently sold half of his interest in the property to his brother, Mike Patel. (*Id.* ¶ 28.) Plaintiffs further allege that RC Patel's wife, plaintiff Shama Patel acquired her interest in the India Property via transfer from RC Patel in 2008 and that plaintiff JMS Family, LP acquired its interest in the India Property via transfer from Mike Patel in 2015. (*Id.* at ¶ 6.)

---

[1] The remaining counts are: Count I (Fraud), Count II (Conversion), Count III (Breach of Contract), Count IV (Declaratory Judgment), Count V (Records Inspection), Count IX (Civil Conspiracy), Count X (Appointment of Custodial Receiver), and Count XI (Appointment of Fiscal Agent).
[2] *See* Defendants' Statement of Material Facts (ECF No. 71-1.)
[3] *See* Plaintiffs Statement of Material Facts (ECF No. 74-1.)

When the property was sold is the pivotal fact in regard to claims relating to the India Property and the parties heavily dispute this point. Defendants' allege that it was sold in 2012, relying on a 2016 bankruptcy proceeding by RC Patel. (ECF No. 71-1 ¶ 8.) Plaintiffs respond that the property was sold in either 2016-17, pointing to deposition testimony by Asvin Patel, or in 2019, pointing to papers from the Indian government.[4] (ECF No. 74-1 ¶ 6.)

On November 29, 2022, Plaintiffs commenced this suit by filing their eleven count Complaint in this court. (ECF No. 1.) On January 20, 2023, Defendants' filed a Motion to Dismiss (ECF No. 15.) all claims, which was granted in part and denied in part, leaving Count I (Fraud), Count II (Conversion), Count III (Breach of Contract), and Count IX (Civil Conspiracy) as the only claims which arise from the Property Dispute.

### B. Membership Dispute

The second dispute centers around membership participation in defendant AP Hospitality. Specifically, Plaintiffs allege that Defendants' wrongfully deprived them of their membership interest in the LLC and the corresponding benefits which accompany the membership interest.

The membership interest in question was acquired in or about 2003, when RC Patel purchased a 20% interest in AP Hospitality on behalf of himself and his brother, Mike Patel. (ECF No. 74-1 ¶ 14.) Plaintiffs allege that on or around 2008 RC Patel transferred his 10% interest in AP Hospitality to Plaintiff Shama Patel. (*Id.* ¶ 18.) They further allege that in or around 2015 Mike Patel transferred his 10% interest in AP Hospitality to Plaintiff JMS Family, LP. (*Id.*) Up until 2008 RC Patel received annual K-1 filings from AP Hospitality. (ECF No. 71-1 ¶ 16.)

---

[4] *See* Exhibit E to Plaintiffs Statement of Material Facts, which are papers from the Gujarat government indicating the Indian Property was sold in 2019

Following the Defendants' Motion to Dismiss the Only remaining claims regarding the Membership Dispute are Count I (Fraud), Count II (Conversion), Count III (Breach of Contract), Count IV (Declaratory Judgement), Count V (Records Inspection), Count IX (Civil Conspiracy), Count X (Appointment of Custodial Receiver) and Count XI (Appointment of Fiscal Agent).

### III. LEGAL STANDARD

A court may grant summary judgment when the materials of record "show[ ] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir. 1983). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

"The moving party bears the burden of identifying specific portions of the record that establish the absence of a genuine issue of material fact." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If satisfied, the burden then "shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a *genuine issue for trial*." *Id.* (internal quotation marks omitted) (emphasis in original). To survive a motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *See Anderson*, 477 U.S. at 256–57. "A non-moving party may not 'rest upon mere allegations, general denials or . . . vague statements[.]'"

4

*Trap Rock Indus., Inc. v. local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). In evaluating a summary judgment motion, the court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

IV.   **DISCUSSION**

Defendants' sole argument as to all claims is that they are barred by the applicable statute of limitations. In response Plaintiffs argue that the discovery rule should be applied to toll the running of the statute of limitations. The discovery rule is "essentially a rule of equity" and is designed "to avoid harsh results that otherwise would flow from mechanical application of a statute of limitations." *Catena v. Raytheon Company*, 145 A.3d 1085, 1091 (N.J. Super. Ct. App. Div. 2016)(quoting *Lopez v. Swyer*, 300 A.2d 563, 567 (N.J. 1973) and *Vispisiano v. Ashland Chemical Co.*, 527 A.2d 66, 71 (N.J. 1987)). The discovery rule is particularly relevant in fraud cases, where courts have recognized even before the rule was pronounced that "the limitations period does not commence until the fraud was discovered, or through reasonable diligence should have been discovered." *Id.* at 1090.

The relevant consideration is two fold: "1) the plaintiff has suffered actual injury; [and] 2) the plaintiff knows that the injury is due to the fault of another." *Cetel v. Kirwan Financial Group, Inc.*, 460 F.3d 494, 513 (3d Cir. 2006). This inquiry boils down to "whether the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was injured due to the fault of another," and requires an objective analysis." *Id.* (quoting *Caravaggio v. D'Agostini*, 765 A.2d 182, 186-87 (N.J. 2001).

Because each claim derives from two separate transactions of origin, the Court addresses each claim in turn.

### A. <u>Membership Dispute</u>

Plaintiffs claim that defendants fraudulently induced them to make a capital contribution to AP Hospitality. This alleged fraud provides the underpinnings of the fraud, conversion, breach of contract, and civil conspiracy claims as they relate to AP Hospitality as well as claims for a declaratory judgment, records inspection, appointment of custodial receiver, and appointment of fiscal agent – which solely apply to the Membership Dispute. Defendants submit that all claims relating to the agreement between RC Patel and Asvin Patel wherein RC Patel provided $75,000 in capital to acquire a membership interest in AP Hospitality, are time-barred by the applicable statute of limitations. Plaintiffs respond that the limitations period should be tolled by operation of the discovery rule.

The claims for fraud, conversion, breach of contract, and civil conspiracy are all governed by a six-year statute of limitations. N.J.S.A. 2A:14-1; *see Kretz v. Hernandez*, No. 3:12-CV-03152, 2016 WL 6471444, at *3 (D.N.J. Oct. 31, 2016).[5] Summary Judgment must be granted if these claims are found to be untimely. The Discovery rule does not toll a limitations period indefinitely until Plaintiff has a "legal certainty" of the claim; but rather the claim accrues "once the plaintiff is aware of facts that would alert a reasonable person to the possibility of an actionable claim." *Catena v. Raytheon Company*, 145 A.3d 1085, 1091 (N.J. Super. Ct. App. Div. Aug 18, 2016) (quoting *Lapka v. Porter Hayden Co.*, 162 N.J. 545, 555-56 (2000)). Plaintiffs cannot sit idle and claim ignorance as application of the discovery rule requires exercise of ordinary diligence and if

---

[5] The remaining claims for Declaratory Judgment, Records Inspection, Appointment of Custodial Receiver, and Appointment of Fiscal Agent do not have a prescribed statute of limitations themselves but rather assume the statutory period of the underlying substantive claims to which they relate. *In re Zhejiang Topoint Photovoltaic Co., Ltd.*, 651 B.R. 477, 489 (Bankr. D.N.J. 2023).

a reasonable person would have been alerted to facts constituting the basis for a claim, the discovery rule is inapplicable. *Cetel* 460 F.3d 494, 512-13. In other words, if plaintiff *should have known* that he had a valid claim, the discovery rule will not operate to toll the statute of limitations. *Id., Gateway 2001, LLC v. Weiss*, 2019 WL 3282729 (N.J. Super. Ct. App. Div. July 22, 2019) (holding discovery rule didn't apply to toll statute of limitations because "[i]t was [plaintiff's] own inaction and lack of reasonable diligence that caused the delay in filing the complaint[.]"); *Tammera v. Grossman*, No. 10-569, 2010 WL 1372406, at *5 (D.N.J. March 29, 2010) ("The fact that [plaintiff] claims not to have known every detail about the Defendants' fraud [before the statutory limitations period ended] is irrelevant. … the clock starts when they should have discovered the general fraudulent scheme.")(internal citations and quotations omitted).

The crux of Plaintiffs claims regarding AP Hospitality, is whether or not their membership interest was valid and recognized and the failure of Defendants to provide the requested schedule K-1 tax filings[6] should have alerted Plaintiffs to their potential claim. In *Gateway*, the New Jersey Superior Court, Appellate Division upheld the decision by the trial court denying application of the discovery rule because the plaintiff should have known of the basis for the claim and brought it within the applicable limitations period. *Gateway 2001,* 2019 WL 3282729. Specifically, in *Gateway,* the court held that the plaintiff's claims for fraud, breach of fiduciary duty, self-dealing and mismanagement could not be saved by the discovery rule because plaintiff had enough notice of the claims to pursue them within the statutory period. *Id*. Among other things, the court relied on the fact that the plaintiff had made several document and financial information requests to the

---

[6] The Schedule K-1's are federal tax documents used to report income, losses, and dividends for the LLC. AP Hospitality had a duty to provide those documents after they were requested by the plaintiff. *Shui v. Wang*, No. 23-2620, 2023 WL 8520778 (D.N.J. Dec. 8, 2023); N.J.S.A. §42:2C-40(a)(2).

defendant – who was under a duty to provide them – and never received the requested information. *Id.* at *10.

Much in the same way the defendant's failure in *Gateway* to provide the requested documents as required put that plaintiff on notice of his potential claim, the failure of AP Hospitality to provide the form K-1 filings to plaintiffs alerted them of their potential claim. It is undisputed that plaintiffs never received a K-1 and that RC Patel last received one in 2008 – 14 years before the filing of this action. With their claimed membership interest on the line, the failure of the Defendants to provide the requested documentation, which they were statutorily obligated to provide, should have alerted the plaintiffs to the fraud they now allege. Because of this, plaintiff's claims arising from the transaction to acquire a membership interest in AP Hospitality accrued in 2008, fourteen years before the filing of this action. This is beyond the applicable six-year statute of limitations for their claims and they must be dismissed. Moreover, to the extent that Plaintiffs point to conduct that occurred after 2008 – insurance purchases in 2014, the 2015 email and the purported admissions, this conduct does not save Plaintiffs' claims because it cannot toll or reset the applicable statutes of limitations. Accordingly, as they relate to the membership interest in AP Hospitality, Summary Judgment is granted as to Count I (Fraud)[7], Count II (Conversion)[8], Count

---

[7] Though not raised by Defendant, Plaintiffs fraud claim must be dismissed for an additional separate and unrelated reason. Plaintiffs cannot meet the elements of a fraud claim and lack standing to bring it. Specifically, because the alleged misrepresentation was made to RC Patel and not to Plaintiffs, they are unable to establish the essential elements of a fraud claim. *Housing Authority of City of Bayonne v. Hanna*, 2011 WL 5828521, at *3 (N.J. Super. Ct. App. Div. 2011); *Baker v. Dieterich,* 98 N.J.L 70, 72 (1922) ("An action for deceit cannot be maintained except by the person defrauded. No one but the person who relied on the misrepresentations can maintain a suit based on them."); *see also, In re CTE 1 LLC,* 2023 WL 5257940 (Bankr. D.N.J. 2023).

[8] Though not raised by Defendant, Plaintiffs conversion claim must be dismissed by application of the Economic Loss Doctrine. "When money, as opposed to tangible property, is the subject of a conversion claim, New Jersey courts require that a plaintiff show something more than a contractual obligation on the part of a defendant to pay the plaintiff to establish conversion." AV Design Services, LLC v. Durant, No. 19-8688, 2021 WL 1186842 (D.N.J. March 30, 2021) (citing Advanced Enterprises Recycling, Inc. v. Bercaw, 869 A.2d 468, 472 (N.J. Super. Ct. App. Div. 2005)). The property underlying Plaintiffs' conversion claim is the same property Plaintiffs argue they are entitled to in their breach of contract claim and thus the conversion claim must be dismissed.

III (Breach of Contract), Count IV (Declaratory Judgment)[9], Count V (Records Inspection), Count IX (Civil Conspiracy), Count X (Appointment of Custodial Receiver), and Count XI (Appointment of Fiscal Agent).

### B. Property Dispute

Plaintiffs Shama Patel and JMS Family, LP, claim that Defendant Asvin Patel fraudulently induced RC Patel to invest capital to acquire an interest in the India Property, and further that Asvin Patel never intended to distribute proceeds when the India Property was sold. They argue that the interest acquired by RC Patel was subsequently transferred to plaintiffs, alleging that RC Patel transferred his interest in the India Property to Plaintiff Shama Patel in 2008 and that Mike Patel transferred his interest in the India Property (acquired at the same time as RC Patel's interest) to Plaintiff JMS Family in 2015. (ECF No. 74-1 ¶ 6). It is this initial transaction as well as the subsequent transfers of the interest to plaintiffs which forms the basis for all claims related to the India Property, including: Count I (Fraud), Count II (Conversion), Count III (Breach of Contract), and Count IX (Civil Conspiracy).

Defendant's main argument in their motion for Summary Judgment is that the claims are time barred and thus must be dismissed. As discussed above, this is valid with respect to the claims relating to AP Hospitality because the Plaintiff's should have known they had the basis for a claim and brought suit within the statutory period. Conversely, as for the claims related to the India Property, plaintiffs had no such notice. Unlike the AP Hospitality related claims, where the failure of the Defendant's to provide the form K-1s to plaintiff upon request should have alerted them to

---

[9] Summary judgment must be granted as to Count IV (Declaratory Judgment), Count V (Records Inspection), Count X (Appointment of Custodial Receiver), and Count XI (Appointment of Fiscal Agent) because they are ancillary claims linked to the underlying wrong alleged in the substantive counts, and because they adopt the statute of limitations of those underlying substantive claims.

the claim, there is no similar action or inaction that would have alerted Plaintiffs to the harm regarding the India Property.

This is especially true given the significant dispute as to the contours of this claim, including when the property was actually sold, what the final sales price was, and whether the transfer to plaintiffs was even effective. Defendant's argue that the plaintiffs knew the property was sold in 2012, citing a 2016 bankruptcy petition by RC Patel. (ECF No. 71-1 ¶ 6-8) But Plaintiff's respond arguing that RC Patel had already transferred his interest in the India Property to Plaintiff Shama Patel by 2012.(ECF No. 74-1 ¶ 6) Plaintiffs further argue that Defendant Asvin Patel claimed the India Property was sold in 2016, based on testimony at his deposition, and still further argue that Indian government papers regarding the property indicate it was sold in 2019.[10] (*Id.*) Thus, the discovery rule is properly applied to toll the statute of limitations for claims related to and arising out of the India Property.

However, Plaintiffs' fraud and conversion claims must be dismissed on separate unrelated grounds. Specifically, as was the case in the context of the Membership Dispute, the Plaintiffs fraud claim fails because Plaintiffs cannot establish the essential element of the claim, namely that the misrepresentation was made to them.[11] Similarly, Plaintiffs conversion claim faces the same barrier here as in the Membership Dispute and must be dismissed because the property underlying the conversion claim is the same property which forms the basis of Plaintiffs breach of contract claim and thus must be dismissed by application of the economic loss doctrine.[12] Accordingly, the defendant's motion for summary judgment must be granted as to all claims related to or arising out of the India Property except for Count III, breach of contract, and Count IX, Civil Conspiracy.

---

[10] *See* Exhibit E to Plaintiffs Response to Defendants' Statement of Undisputed Material Facts, *supra* note 4
[11] *See supra* footnote 7.
[12] *See supra* footnote 8.

### C. Lis Pendens

Plaintiffs have filed two *Lis Pendens* associated with this dispute, one against property owned by Defendant AP Hospitality and another against a separate property owned by AA Hospitality, which is an unrelated entity controlled by Defendant Asvin Patel. The *Lis Pendens* statute, N.J.S.A. 2A:15-6, "provides for the filing of a notice of *Lis Pendens* in any action the object of which is to enforce a lien, other than a mechanic's lien, upon real estate or to affect the title to real estate or a lien or encumbrance thereon." *Polk v. Schwartz*, 166 N.J. Super. 292, 298 (N.J. Super. App. Div. 1979) (internal citations and quotations omitted). A *Lis Pendens* "may not be filed in an action to recover a judgment for money or damages only." *Id.*

Following dismissal of the substantive underlying claims which provide the basis for a *Lis Pendens*, the *Lis Pendens* must also be discharged. *O'Boyle v. Fairway Products, Inc.,* 404 A.2d 365, 366 (N.J. Super. App. Div. 1979); *Fravega v. Security Sav. And Loan Ass'n*, 469 A.2d 531, 537 (N.J. Super. Ch. Div. 1983); *Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316, 1321, 1321 (3d Circ. 1982); *Teitlebaum v. Halleck St. Properties, LLC*, 2005 WL 4022328, at *5 (N.J. Super. App. Div. 2006); *Spring Creek Holding v. Keith,* 2005 WL 8176879, at *2 (D. N.J. 2005). Because all claims arising from the Membership Dispute will be dismissed Plaintiffs do not have a valid basis for the *Lis Pendens* on the property owned by AP Hospitality and it must discharged.

The second *Lis Pendens* filed by Plaintiffs was improperly filed as against an owner not named a defendant in this action (AA Hospitality) and against a property wholly unrelated to the claims made. *Spyco, Inc. v. Demenus,* 544 A.2d 904, 906 (N.J. Super. Ch. Div. 1988) ("[S]ince a copy of the Notice must be served on the defendant in the pending action it is illogical and indeed may be unconstitutional to permit the filing of the Notice against the property interest of a person

11

who is not a named defendant in that action.") Accordingly, the *Lis Pendens* filed against the property owned by AA Hospitality must also be discharged.

## V.   CONCLUSION

For all of the reasons set forth above, Defendants Motion for Summary Judgment is GRANTED as to Count I (Fraud), Count II (Conversion), Count IV (Declaratory Judgment), Count V (Records Inspection), Count X (Appointment of Custodial Receiver), Count XI (Appointment of Fiscal Agent), and Count III (Breach of Contract) and Count IX (Civil Conspiracy) for those claims arising from the AP Hospitality transaction. Defendants Motion for Summary Judgment is DENIED as to Count III (Breach of Contract) and Count IX (Civil Conspiracy) for those claims arising from the India Property transaction. The two *Lis Pendens* filed by Plaintiffs against property owned by AP Hospitality and property owned by AA Hospitality must be discharged.

Dated: September 22, 2025

_____
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE