<u>**NOT FOR PUBLICATION**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHARMA PATEL *et al.*,<br><br>     Plaintiffs,<br><br>  v.<br><br>AP HOSPITALITY, LLC *et al.*,<br><br>     Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 22-6890 (KMW-MJS)<br><br>**OPINION** |

**Mark E. Nakahara, Esq.**
WHITE AND WILLIAMS, LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103

**Robert W. Mauriello, Jr., Esq.**
GIMIGLIANO MAURIELLO &
MALONEY, P.A.
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962

*Counsel for Plaintiffs Shama Patel and JMS Family, LP*

*Counsel for Defendant AP Hospitality, LLC, Asvin Patel, Aruna Patel, Mayuri Patel, and Alpesh Patel*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Reconsideration. (ECF No. 82), which Defendants opposed. (ECF No. 88). The Court has reviewed the Parties' submissions, finds oral argument unnecessary, and decides the motion on the papers. For the reasons set forth below, Plaintiffs' Motion for Reconsideration is **DENIED.**

## II. BACKGROUND

The Court's prior opinions in this matter adequately set forth the underlying facts and procedural history. Accordingly, the Court recites only those facts relevant to the pending motion.

1

This dispute arises from Plaintiffs' alleged membership interest in Defendant AP Hospitality, LLC ("AP Hospitality"). Plaintiffs allege that Defendants wrongfully deprived them of their membership interest in the LLC and the benefits associated with that interest.

The present motion follows the Court's prior order granting in part Defendants' Motion for Summary Judgment wherein the Court granted summary judgment as to all claims pertaining to the membership dispute involving AP Hospitality. (ECF No. 79).

Plaintiffs now seek reconsideration of that ruling and ask the Court to reinstate their breach of contract claim (Count III) and declaratory judgment claim (Count IV) insofar as those claims relate to the AP Hospitality membership dispute. (ECF No. 82).

III.    LEGAL STANDARD

A motion for reconsideration, although not expressly authorized by the Federal Rules of Civil Procedure, "is generally treated as a motion to amend or alter judgment under [Rule] 59." *In re Taylor*, 343 F. App'x 753, 755 (3d Cir. 2009); *see also Rich v. State*, 294 F. Supp. 3d 266, 277 (D.N.J. 2018). The scope of such a motion is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "[A] judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)) (alteration in original); *see also Bernard v. E. Stroudsburg Univ.*, 700 F. App'x 159, 166 (3d Cir. 2017).

Additionally, a motion for reconsideration is not an opportunity to relitigate issues already decided or to raise arguments and evidence that could have been presented earlier. *See Blystone*,

2

664 F.3d at 415. Nor may a party use reconsideration to "expand the record before the court" with evidence that was previously available. *S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003). Evidence qualifies as "new" only if the party could not previously have submitted it because it was unavailable at the time of the original motion. *Blystone*, 664 F.3d at 415–16.

## IV.    DISCUSSION

Plaintiffs seek reconsideration based on allegedly overlooked evidence consisting of two sets of email exchanges from 2015 and an insurance quote obtained on behalf of AP Hospitality. Plaintiffs contend that this evidence demonstrates they still possessed a membership interest in AP Hospitality in 2015 and therefore were not on notice of their claims in 2008 following AP Hospitality's failure to provide K-1 forms. (ECF No. 82 at 2–5).

Specifically, Plaintiffs point to the February 2015 emails between Jay Patel and Asvin Patel regarding the legal description of the New Jersey property, as well as a December 2015 insurance quote obtained by R.C. Patel on behalf of AP Hospitality. Plaintiffs argue that this evidence "reaffirmed" their membership interest in AP Hospitality and that the Court improperly disregarded it when granting summary judgment. (*Id.*). Plaintiffs further contend that the Court improperly made credibility determinations by concluding that Plaintiffs were on inquiry notice of their claims after they stopped receiving K-1 forms. The Court disagrees.

As an initial matter, the evidence Plaintiffs rely upon was already considered by the Court in resolving the summary judgment motion. In its prior opinion, the Court expressly addressed "the 2015 email and the purported admissions" and concluded that conduct occurring after 2008 did not toll or reset the applicable statute of limitations. (ECF No. 79 at 8). Accordingly, Plaintiffs

3

merely seek to relitigate issues already decided using evidence that was previously available and reconsideration is inappropriate. *See Blystone*, 664 F.3d at 415.

Plainly, Plaintiffs have not established any of the three recognized grounds for reconsideration. Plaintiffs do not identify an intervening change in controlling law. *See Max's Seafood Café*, 176 F.3d at 677. Likewise, the email correspondence and insurance quote do not constitute newly discovered evidence because that material was available during summary judgment briefing and, in fact, was already considered by the Court. *See Blystone*, 664 F.3d at 415–16. Therefore, Plaintiffs' motion turns on the third basis for reconsideration: whether reconsideration is necessary to correct a clear error of law or fact or to prevent manifest injustice. Plaintiffs have not met that standard.

The Court did not make an improper credibility determination in concluding that Plaintiffs were on inquiry notice of their claims. Rather, the Court applied the settled principle that a claim accrues when "the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was injured due to the fault of another." *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 512–13 (3d Cir. 2006) (quoting *Caravaggio v. D'Agostini*, 166 N.J. 237, 248 (2001)). The discovery rule does not require "legal certainty" or knowledge of every detail of a potential claim before the statute of limitations begins to run. *New Castle Cnty. v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997) ("The discovery rule does not delay the running of the statute of limitations until a plaintiff is aware of all of the facts necessary to bring its cause of action. Under the discovery rule, a claim accrues upon awareness of *actual injury,* not upon awareness that the injury constitutes a *legal wrong.*") (emphasis in original)).

Here, the Court previously concluded that Plaintiffs were on inquiry notice no later than 2008, when they stopped receiving AP Hospitality K-1 forms despite requesting them. As the

4

Court explained in its prior opinion, the failure to receive the K-1 forms was sufficient to alert a reasonable person exercising ordinary diligence that something was amiss regarding Plaintiffs' alleged membership interest.

The later email correspondence and insurance quote do not alter that conclusion. The issue before the Court was not whether the later evidence outweighed the earlier evidence. Rather, the relevant inquiry was when Plaintiffs reasonably should have discovered their alleged injury. Nothing in the later evidence negated the earlier inquiry notice created by AP Hospitality's failure to provide the requested K-1 forms. Accordingly, the Court did not make a credibility determination or improperly weigh competing evidence. Instead, the Court concluded that Plaintiffs' claims accrued once they were on inquiry notice of the alleged injury and that the later evidence did not restart the statute of limitations.

Plaintiffs' reliance on *Shu Lan Chen v. Gypsophila Nail & Spa* for that proposition that "tax filings…are not dispositive" is also unavailing. (ECF No. 82 at 4). In *Shu Lan Chen*, the court held that reliance on extraneous tax filings was not appropriate at the motion to dismiss stage. *Shu Lan Chen v. Gypsophila Nail & Spa*, No. 15-CV-2520, 2015 WL 3473510, at*3 (S.D.N.Y. June 2, 2015). The court, in dicta, also observed that at the summary judgment stage other Second Circuit courts had "expressed skepticism about [a tax return's] reliability, especially where the returns are unauthenticated or where they conflict with other evidence." *Id.* That decision is neither binding on this Court nor persuasive in the present context. In this case, however, the Court did not purport to rely on the substance, accuracy, or evidentiary weight of the K-1 forms themselves. Rather, the Court relied on Plaintiffs' failure to receive the requested K-1 forms as evidence that Plaintiffs were on inquiry notice of their claims. Simply stated, Plaintiffs were on inquiry notice when the asked for K-1 forms and did not receive them.

5

Plaintiffs' reliance on *Burlington County Country Club v. Midlantic National Bank South* is similarly misplaced. *See* 223 N.J. Super. 227, 234–36 (Ch. Div. 1987). Plaintiffs argue that the later emails and insurance quote "reaffirmed" their membership interest in AP Hospitality and thereby tolled the statute of limitations. (ECF No. 82 at 5). While *Burlington* recognizes that a statute of limitations may be tolled by an acknowledgment or promise to pay, nothing in the cited emails or insurance quote reflected an intention to pay Plaintiffs any allegedly owed sums or otherwise revive expired claims. Nor does that later conduct alter the Court's conclusion regarding when Plaintiffs were first on inquiry notice of their alleged injury.

In sum, Plaintiffs have not identified newly discovered evidence, an intervening change in controlling law, or any clear error of law or fact warranting reconsideration of the Court's prior ruling. Plaintiffs instead seek to relitigate issues already decided by the Court, which is not a proper basis for reconsideration.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration (ECF No. 82) is **DENIED**. An order reflecting same accompanies this Opinion.

Dated: May 29, 2026

KAREN M. WILLIAMS
United States District Judge

6